# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

JARROD ALBERT, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. 3:02-CV-277
　　　　　　　　　　　　　　　　　　)　　(Phillips)
OBER GATLINBURG, INC., et al.,　　)
　　　　　　　　　　　　　　　　　　)
　　Defendants.　　　　　　　　　　)

## MEMORANDUM AND ORDER

A final pretrial conference was held in this case on April 3, 2006. The parties have filed a number of pretrial motions which will be addressed in this memorandum and order.

## I

Plaintiff has moved to exclude any evidence referring to her pregnancy, childbirth, and boyfriend(s) as immaterial and irrelevant [Doc. 131]. The court does not feel compelled to make any blanket ruling precluding this evidence in advance of trial. Accordingly, the court will take plaintiff's motion under advisement and rule upon the admissibility of such evidence at the time it is offered at trial. Counsel are **DIRECTED** to request a sidebar prior to inquiring into these matters at trial.

II

Plaintiff has moved the court to alter or amend its order granting partial summary judgment to defendants as to the claims of Jarrod Albert. Plaintiff claims that the release signed by Jarrod Albert operates only to release Ober Gatlinburg, and not the Smoky Mountain Snow Sport School. Plaintiff also asserts that the release is void as a matter of public policy because the release is in conflict with the language of the Tennessee Ski Area Safety Act.

In the order granting partial summary judgment to defendants, the court found that Jarrod Albert expressly assumed the risk of incurring liability as a result of his daughter's participation in snow skiing. This would logically extend to his claim that Jaren's injuries were sustained as a result of an insufficient ski lesson by Smoky Mountain Snow Sport School. Plaintiff's assertion that the release is void as a matter of public policy is a new argument, one which should have been raised in a motion for summary judgment. Regardless, the court does not find the release to be in conflict with the Ski Area Safety Act, thus, the release is not void as a matter of public policy. Plaintiff's motion [Doc. 132, 172] is **DENIED.**

III

Plaintiff has moved to compel the Gatlinburg Fire Department to identify persons transported from Ober Gatlinburg on December 27, 2001.

The parties announced that they have reached an agreement on this matter and are preparing an agreed order to be submitted to the court.  Accordingly, plaintiff's motion [Doc. 133] is **DENIED AS MOOT.**

IV

Defendants have moved to exclude photographs of Jaren Albert depicting her eye injury [Doc. 134, 142].

The parties did not have the pictures available at the final pretrial conference for the court's review.  Therefore, the court will take the motion under advisement.  The parties will submit the photographs for the court's review prior to the trial of this cause on May 8, 2006, and the court will rule upon their admissibility at that time.

V

Defendants have moved to substitute Jaren Albert as the plaintiff in this action [Doc. 135].  Plaintiff does not object.  Jaren Albert's date of birth is August 1, 1986, so she is now 19 years of age.  Inasmuch as Jaren has reached the age of majority, the motion for substitution is **GRANTED**, and Jaren Albert will be substituted for Jarrod Albert as the plaintiff in this action.

VI

Defendants have moved to exclude the testimony of plaintiff's expert witness, James Isham on the grounds that (1) Isham testified in his deposition that he is not in a

position to give an opinion on what caused Jaren to lose control and fall, (2) he testified that he cannot opine that even a perfect beginner lesson would have prevented Jaren's accident, and (3) plaintiffs have not provided expert disclosures regarding Isham as required by the scheduling order in this case and F.R.C.P. 26.

The parties agreed at the hearing that plaintiff's expert disclosures have now been made. After considering argument of the parties, the court finds that Isham is qualified to testify as an expert. Further, his testimony is relevant and reliable. Defendants' objections go to the weight to be afforded Isham's testimony and not its admissibility. Accordingly, defendants' motions to exclude expert testimony of James Isham [Docs.136, 140] are **DENIED.**

VII

Defendants have moved to exclude testimony and exhibits of expenses for Jaren Albert's medical treatment on the basis that the court dismissed Jarrod Albert's claim for medical expenses and loss of services of his daughter.

Plaintiff admits that the medical expenses are relevant only to Mr. Albert's claim. Jarrod Albert's claim for medical expenses and loss of services of his daughter was previously dismissed by the court. Accordingly, Jaren's medical expenses are not relevant to any issues to be tried, and defendants' motions in limine [Docs. 137, 142] are **GRANTED.**

4

Case 3:02-cv-00277   Document 175   Filed 04/06/06   Page 4 of 8   PageID #: 140

VIII

Defendants have moved to exclude as evidence the Gatlinburg Fire Department records of December 26, 2001 and December 27, 2001.

Plaintiff admits the records are inadmissible. Accordingly, defendants' motion [Doc. 138] is **GRANTED.**

IX

Defendant Ober Gatlinburg has moved the court to reconsider its denial of summary judgment in light of new evidence obtained during James Isham's deposition on February 9, 2006. During his deposition, Isham testified that he does not know what caused Jaren to fall. Therefore, defendant argues that there are no genuine issues of material fact regarding the element of causation, and Ober Gatlinburg is entitled to judgment as a matter of law. The court disagrees.

The court has previously found Isham qualified to be an expert witness in the area of ski resort operations and skier training. Isham has opined that the ski run where Jaren's accident occurred had become extra-hazardous and that Ober Gatlinburg failed to post warnings of the changing conditions at the top of the trail. The conditions of the ski run and whether Ober Gatlinburg used reasonable care in marking the ski run are all questions of fact for the jury to decide. Summary judgment in favor of Ober Gatlinburg is not appropriate and the motion to reconsider denial of summary judgment [Doc. 139] is **DENIED.**

## X

Defendants have moved to exclude as evidence any reference to Hurricane Katrina on the basis that plaintiff is from south Louisiana and whether plaintiff was impacted by Hurricane Katrina has no probative value in this action.

The court agrees that any reference to Hurricane Katrina would be unduly prejudicial to defendants. Defendants' motion [Doc. 142] is **GRANTED.**

## XI

Defendant Smoky Mountain Snow Sport School has renewed its motion for summary judgment in light of new evidence obtained during James Isham's deposition on February 9, 2006. During his deposition, Isham testified that he does not know what caused Jaren to fall. In fact, Isham conceded that he cannot say that even a perfect beginner lesson would have prevented Jaren's accident. Therefore, defendant argues that there are no genuine issues of material fact regarding the element of causation, and Smoky Mountain is entitled to judgment as a matter of law. The court disagrees.

The court has previously found Isham qualified to be an expert witness in the area of ski resort operations and skier training. Isham has opined that the lesson time and content were limited. He testified that the lack of teaching the Skiers Responsibility Code, trail signage and successful methods for stopping, all fell below minimum standards and were proximate contributing causes to Jaren's injuries. The court concludes that there are material issues of fact in dispute whether Smoky Mountain used reasonable care by not

6

giving adequate information in the ski lesson. This question will have to be decided by the jury at trial. Summary judgment in favor of Smoky Mountain is not appropriate and the renewed motion for summary judgment [Doc. 145] is **DENIED.**

XII

Plaintiff's motion to amend complaint to add claims of fraud and violation of the Tennessee Consumer Protection Act.

The Sixth Circuit has noted six factors that should be considered by the court when deciding motions to amend a complaint; (1) whether there was undue delay in filing; (2) any lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failures to cure pleading deficiencies by amendment; (5) undue prejudice to the opposing parties; and (6) futility of amendment. *Hagaman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th cir. 1973). In the instant case, the plaintiff had the facts necessary to assert claims of fraud and violation of the Tennessee Consumer Protection Act in the original complaint, or at the latest, at the time of Mr. Isham's report in June 2005. Moreover, the court set a deadline for filing additional motions in this case of March 3, 2006. Plaintiff did not file the instant motion until March 17, 2006. In addition, plaintiff fails to allege any facts to support the fraud/consumer protection claims. F.R.C.P. 9 requires a party alleging fraud to plead the circumstances constituting the fraud with particularity. Plaintiff has failed to do so.

Due to the untimeliness of the proposed amendment, there is a lack of notice to defendants and arguably bad faith. If plaintiff is allowed to add two new claims just 30

7

days prior to trial, defendants will be prejudiced because there is not sufficient time to conduct discovery and to prepare to defend the added claims. Therefore, the court concludes that allowing plaintiff to amend the complaint to add two new claims at this late date would be unduly prejudicial to defendants. Plaintiff's motion to amend complaint [Doc. 155] is **DENIED.**

The parties shall submit a pretrial order in accordance with the court's rulings by **May 1, 2006.**

A preliminary jury charge conference will be held at **10:00 a.m. on May 4, 2006.** The parties shall submit any additional jury charges for the court's consideration no later than **May 1, 2006.**

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge