UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAREN ALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CV-277 |
| | ) | (Phillips/Shirley) |
| OBER GATLINBURG, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 182] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Smoky Mountain Snow Sport School, Inc.'s Motion for Leave to Take the Deposition of Daniel Sanders [Doc. 179] and Plaintiff's Motion for Protective Order [Doc. 180]. The Court held a hearing on these motions on April 26, 2006.

The defendant Smoky Mountain Snow Sport School, Inc. ("Smoky Mountain") moves the Court for leave to take the deposition of Daniel Sanders. [Doc. 179]. Mr. Sanders was the ski instructor who taught the plaintiff Jaren Albert's ski lesson prior to her accident. Mr. Sanders is currently a first year law student at Liberty School of Law in Lynchburg, Virginia. Smoky Mountain argues that Mr. Sanders had planned to attend the trial of this case, which was originally scheduled for February 27, 2006. On February 27, 2006, counsel for Smoky Mountain sent Mr. Sanders a fax informing him that the trial had been rescheduled for May 8, 2006. On April 17, 2006, Smoky Mountain's counsel received correspondence from Mr. Sanders stating that he had only

recently received the fax regarding the new trial date and advising that the new trial date falls in the middle of his law school final exams.

Smoky Mountain argues that Mr. Sanders' testimony is critical to its defense in this case, and that it would be extremely prejudiced if it were prevented from presenting Mr. Sanders' testimony to the jury. Smoky Mountain further argues that requesting Mr. Sanders' presence at trial during his final exams would impose an extreme burden on Mr. Sanders. Accordingly, Smoky Mountain moves for leave to take Mr. Sanders' deposition on May 2, 2006 at 8:00 a.m. in Lynchburg, Virginia.

The plaintiff opposes the defendant's motion and moves for a protective order. [Doc. 180]. Specifically, the plaintiff argues that Mr. Sanders' testimony was fully developed in his deposition on November 19, 2004, and therefore, an additional deposition would be unreasonably cumulative and duplicative. The plaintiff further argues that the burden and expense of the proposed deposition outweighs its likely benefit, taking into account the needs of the case and the necessary time and expense involved in taking this deposition just days before the trial date.

The defendant argues that Mr. Sanders' November, 2004 deposition was a discovery deposition, and because defendant's counsel anticipated calling Mr. Sanders as a trial witness, he did not question Mr. Sanders at the deposition. However, since that time, Mr. Sanders has enrolled in law school and the new trial date falls in the middle of his exams. Accordingly, defendant argues, it needs to obtain Mr. Sanders' deposition testimony for presentation at trial. Additionally, the defendant argues that Mr. Sanders is the only witness, other than the plaintiff, her family and friends, who was present during the ski lesson, and therefore, his testimony is critical to Smoky Mountain's case. [Doc. 181].

2

Case 3:02-cv-00277   Document 184   Filed 04/28/06   Page 2 of 4   PageID #: 149

The Federal Rules of Civil Procedure provide that the Court may limit the frequency or extent of use of certain discovery methods if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). The Rules further provide that the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place . . . ." Fed. R. Civ. P. 26(c)(2).

While the Court acknowledges that taking this deposition so soon before trial will likely inconvenience plaintiff's counsel, the Court finds that such inconvenience is outweighed by the importance of this witness' testimony to Smoky Mountain's defense in this case, as well as the likely benefit that this deposition will provide to the defendant. Accordingly, taking into consideration the needs of the case, the amount in controversy, the parties' resources, and the importance of Mr. Sanders' testimony on the issue of Smoky Mountain's liability, the Court finds that this deposition should go forward. Accordingly, Smoky Mountain's Motion for Leave to Take the Deposition of Daniel Sanders [Doc. 179] is **GRANTED** and Plaintiff's Motion for Protective Order [Doc. 180] is **DENIED**.

However, in an effort to minimize as much as possible the burden and expense on the plaintiff, the Court **ORDERS** the parties to make a good faith effort to arrange for Mr. Sanders

to come to Knoxville for his deposition between now and May 2, 2006, if such deposition can be scheduled at a date and time agreeable to the witness and all of the parties. In the event that Mr. Sanders travels to Knoxville, all of his travel costs shall be paid by defendant Smoky Mountain.

If after a good faith effort the parties are unable to arrange for Mr. Sanders' deposition in Knoxville, the parties shall attempt to arrange his deposition to take place in either southwestern Virginia or northeastern Tennessee (*i.e.*, Abingdon or Bristol) between now and May 2, 2006. If the parties are unable to accomplish this, Mr. Sanders shall be deposed on May 2, 2006 in Lynchburg, Virginia, as previously scheduled. In that event, defendant Smoky Mountain shall pay for the mileage and up to $100 towards lodging for plaintiff's counsel.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge