UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JARROD ALBERT, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:02-CV-277 (Phillips) |
| OBER GATLINBURG, INC., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter came before the court for oral argument on plaintiff's motion for new trial [Doc. 198] on October 27, 2006. This memorandum and order serves to elaborate on the undersigned's rulings made from the bench at the hearing. For the reasons which follow, the motion is **DENIED.**

Under the Federal Rules of Civil Procedure, a court may set aside a jury verdict and grant a new trial "to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). Courts have generally interpreted this language to allow a new trial when a jury has reached a "seriously erroneous result," which may occur when (1) the verdict is against the weight of the evidence; (2) the damages awarded are excessive; or (3) the trial was unfair to the moving party in some fashion (i.e., the proceedings were influenced by prejudice or bias). *See Holmes v. City*

of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996). The burden of demonstrating the necessity of a new trial is on the moving party, *Clarksville-Montgomery Co. Sch. Sys. v. U.S. Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir. 1991), and the ultimate decision whether to grant such relief is a matter vested within the sound discretion of the district court. *See Anchor v. O'Toole,* 94 F.3d 1014, 1021 (6th Cir. 1996); *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990) (limiting a court's responsibility to preventing an injustice); *Browne v. Signal Mountain Nursery,* 286 F.Supp.2d 904, 908 (E.D.Tenn. 2003).

When ruling on a new trial motion claiming the verdict was against the weight of the evidence, the district court should "compare the opposing proofs and weigh the evidence." *Conte v. Gen. Housewares Corp.,* 215 F.3d 628, 637 (6th Cir. 2000); *Toth v. Yoder Co.,* 749 F.2d 1190, 1197 (6th Cir. 1984); *see also J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1487 (6th Cir. 1991). The court should deny the motion and leave the jury's verdict undisturbed so long as it "could reasonably have been reached." *See Conte,* 215 F.3d at 637-38. Thus, a motion for a new trial should be denied "if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact." *Mosley v. Kelly,* 65 F.Supp.2d 725, 739 (E.D. Tenn. 1999), quoting *Powers v. Bayliner Marine Corp.,* 83 F.3d 789, 796 (6th Cir. 1996). A jury's verdict "should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *J.C. Wyckoff,* 936 F.2d at 1487. Rather, the court must compare the offered evidence and set aside the jury's verdict only if it is against the clear

weight of the evidence as a whole.  *Webster v. Edward D. Jones & Co.,* 197 F.3d 815, 818 (6th Cir. 1999).

Applying this standard, and having reviewed the evidence and considered the strengths and weaknesses of each side's proof, the court concludes it would not have been unreasonable for the jury to conclude plaintiff failed to meet her burden of proof to show that defendants violated their duties under the Tennessee Ski Area Safety & Liability Act or the Tennessee common law.  Defendants presented evidence that plaintiff, an experienced, beginning skier, chose to ski on a slope that she knew was designed for "advanced" skiers.  Further, Tennessee's Ski Area Safety and Liability Act precludes ski area liability based on the risks inherent in the sport of downhill skiing.  The defendants presented expert testimony that plaintiff was skiing beyond her ability and that defendants had complied with the requirements of the Tennessee Ski Act and applicable state law.  Based on the evidence presented at trial, the court cannot say that the jury's verdict was against the weight of the evidence or was based on passion, caprice or undue emotion.  Therefore, the court finds that the jury's verdict is one that could reasonably be reached after consideration of all the evidence presented at trial.

As to plaintiff's objection to the jury instructions.  The Sixth Circuit holds that jury instructions are not erroneous if "they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its determination." *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1012 (6th Cir. 1987).  A judgment can be reversed only if the instructions, "viewed as a whole, were confusing, misleading and

prejudicial." *Id.* at 1011; *see also Vance v. Spencer Co. Public Sch.,* 231 F.3d 253, 263 (6th Cir. 2000).

In the jury charge, the court read from the relevant portions of the Tennessee Ski Area Safety and Liability Act. The Tennessee statutes do not distinguish between inherent and non-inherent risks of skiing. The jury instructions contained a correct statement of the relevant statutes, therefore, the court committed no prejudicial error in denying plaintiff's requested instruction on inherent risk. Moreover, the court finds that the jury instructions, when viewed as a whole, were not confusing, misleading or prejudicial.

The court further finds there is no basis for certifying this question to the Tennessee Supreme Court. The court's jury instructions were in accord with the Tennessee statute and the Tennessee Court of Appeals' decision in *Terry v. Ober Gatlinburg,* 1998 WL 54700 (Tenn.App. 1998) (perm.app.denied July 13, 1998), interpreting the statute. Accordingly, plaintiff's motion for new trial is **DENIED** in all respects.

ENTER:

       s/ Thomas W. Phillips
United States District Judge